IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTWAN JENKINS,
    Plaintiff,

vs.                                    Case No.:  3:12cv173/MCR/EMT

R. TIFFT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  On April 11, 2012, this court entered an order giving Plaintiff thirty (30) days in which to submit a properly completed motion to proceed in forma pauperis or pay the fling fee in the amount of $350.00 (doc. 5).  Plaintiff failed to respond to the order; therefore, on May 18, 2012, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (doc. 7).  The time for compliance with the show cause order has now elapsed, with no response from Plaintiff.[1]

      Accordingly, it is respectfully **RECOMMENDED**:

      That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

---

[1] The copy of the show cause order mailed to Plaintiff at his address of record, Santa Rosa Correctional Institution, was returned by the institution with a notice that Plaintiff was released on May 6, 2012 (doc. 8).  The clerk of court re-mailed a copy of the order to Plaintiff's release address indicated on the website of the Florida Department of Corrections, 1550 N. Miami Ave., Miami, FL  33136; however, that copy was returned by the postal service marked "Return to Sender.  Attempted — Not Known.  Unable to Forward." (doc. 9).

At Pensacola, Florida, this 12th day of June 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).